**Arben NDOCAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0778–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2006.

Robert J. Pures, II, Christophe & Associates, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Susan M. Haling, Edmond Chang, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Arben Ndocaj, a native and citizen of Albania, seeks review of a January 30, 2006 order of the BIA denying his motion to reopen. *In re Arben Ndocaj*, No. A78–507–170 (BIA Jan. 30, 2006). In a previous decision, the BIA affirmed an Immigration Judge's ("IJ") determination that Ndocaj was not credible regarding his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arben Ndocaj*, No. A78–507–170 (BIA July 20, 2004), *aff'g* No. A78–507–170 (Immig. Ct. N.Y. City Sept. 16, 2003). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion.

*Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). In a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *Id.* at 90. Accordingly, only the BIA's denial of Ndocaj's motion to reopen can be reviewed for an abuse of discretion, and this court is unable to reach the merits of the IJ's denial of his asylum, withholding of removal, and CAT claims.

■ The regulations state that individuals must file a motion to reopen within 90 days of the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Ndocaj's motion was filed out of time. Ndocaj correctly asserts that his motion to reopen could overcome the late filing if he exercised due diligence in pursuing his claim of ineffective assistance of counsel. *See Iavorski v. U.S. I.N.S.,* 232 F.3d 124, 129–34 (2d Cir.2000); *Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir.2006); *Cekic v. INS,* 435 F.3d 167, 171 (2d Cir. 2006). However, this Court has clearly stated that the BIA does not abuse its discretion in denying a motion to reopen if the movant failed to present any evidence of due diligence. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 157 (2d Cir.2006). In this case, Ndocaj did not offer any evidence of how he was exercising due diligence during the sixteen-month period between the BIA's denial of his appeal and the filing of

his motion to reopen. He stated only that he did not learn of the possibility of filing a motion to reopen until he retained new counsel, but he did not state at what point he decided to hire new counsel. Moreover, based on the fact that Ndocaj's prior attorney returned his fees, it is clear that Ndocaj was aware of his previous attorney's ineffective assistance immediately after the BIA issued a decision on his appeal. Accordingly, the BIA did not abuse its discretion in determining that Ndocaj failed to prove due diligence with respect to his ineffective assistance of counsel claim.

■ Ndocaj argues that the BIA abused its discretion in failing to consider his arguments regarding changed country conditions in Albania, and as a result, this Court should remand the case to the BIA. The government erroneously asserts that the BIA need not discuss the country conditions information because Ndocaj "did not provide a basis for tolling the filing deadline." A change in country conditions is an explicit exception to the 90–filing requirement, *see* 8 C.F.R. § 1003.2(c)(3)(ii). Ndocaj is correct that it was an abuse of discretion for the BIA to fail to consider this basis for reopening. *See Alam v. Gonzales,* 438 F.3d 184, 187 (2d Cir.2006).

■ However, even when the BIA abuses its discretion in failing to consider part of an alien's claim in his motion to reopen, this Court need not remand the case if doing so would be futile. *Id.* at 187–88; *Wei Guang Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006). Even though a change in country conditions could serve as an exception to the 90–day filing deadline, Ndocaj would have had to demonstrate that the country conditions in Albania changed such that they materially affected his claims. *See* 8 C.F.R. § 1003.2(c)(1). In this case, remand would be futile because the country conditions information does not rebut the IJ's

original adverse credibility finding. The IJ specifically noted in her decision that she did not believe Ndocaj's assertion that he was a well-known Democratic Party ("DP") activist, and as a result, any change in how DP members are treated in Albania would not materially affect Ndocaj's claims. Since the IJ did not find Ndocaj credible with respect to his membership in the DP in Albania, this Court can confidently predict that the agency would reject Ndocaj's country conditions argument.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DENIED as moot.